IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| MARK E. VEYLUPEK, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 8:18CV67 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| UNION PACIFIC RAILROAD, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

After granting Plaintiff leave to proceed in forma pauperis, the court now conducts an initial review of Plaintiff's Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff brings what he characterizes as a "FMLA" claim against the Union Pacific Railroad ("UPRR") stemming from his February 20, 2015, injury received while "tying hand brake at Manley grain elevator. Manley Ne." For relief, Plaintiff requests monetary damages for all past and future medical and prescription costs, permanent nerve damage, and pain and suffering. (Filing No. 1 at CM/ECF p. 4.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

As currently drafted, Plaintiff's Complaint fails to state a claim upon which relief can be granted for two reasons. First, the Complaint lacks sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). This Plaintiff has failed to do.

Second, the legal basis for Plaintiff's claim is unclear. Plaintiff's Complaint states that he brings his claim under the "FMLA," which commonly refers to the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601-2654 (Westlaw 2018). "The FMLA entitles an employee to twelve workweeks of leave during any twelve-month period if he or she has a serious health condition that makes the

employee unable to perform the functions of the position of such employee." *Sisk v. Picture People, Inc.*, 669 F.3d 896, 899 (8th Cir. 2012) (internal quotation and citation omitted). There are two types of claims that may be brought under FMLA: retaliation and interference. "In a retaliation claim, the employee alleges that the employer discriminated against [him] for exercising [his] FMLA rights." *Id.* (internal quotation and citation omitted). "An employee can prevail under an interference theory if he was denied substantive rights under the FMLA for a reason connected with his FMLA leave." *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050 (8th Cir. 2006).

Because Plaintiff makes no allegations whatsoever regarding FMLA leave, his inability to perform the functions of his job, and whether Defendant UPRR discriminated against Plaintiff for exercising his FMLA rights or interfered with his right to exercise them, it is possible that Plaintiff intended to assert a claim under "FELA," which is the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq*. FELA provides, in part, that "[e]very common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier . . . ." 45 U.S.C. § 51.

"Generally, to prevail on a[] F.E.L.A. claim, a plaintiff must prove the traditional common law components of negligence including duty, breach, foreseeability, causation and injury," including that "the defendant railroad failed to use reasonable or ordinary care under the circumstances," "the railroad either knew or should have known of the condition or circumstances that allegedly caused the plaintiff's injury," and "the railroad, with the exercise of due care, could have reasonably foreseen that a particular condition could cause injury." 8th Cir. Civil Jury Instr. § 15.00, at 337 (2017).

Under FELA, "[r]ailroads are liable only to their employees, and only for injuries sustained in the course of employment." *CSX Transp., Inc. v. McBride*, 564 U.S. 685, 691 (2011). Insofar as causation is concerned, juries in FELA cases "are

3

properly instructed that a defendant railroad 'caused or contributed to' a railroad worker's injury 'if [the railroad's] negligence played a part—no matter how small—in bringing about the injury.'" *CSX Transp., Inc.*, 564 U.S. at 705.

If Plaintiff did indeed intend to assert his claim under FELA, as opposed to FMLA, he needs to allege *facts* demonstrating that he was injured during his employment with UPRR, UPRR caused or contributed to that injury, UPRR failed to use reasonable or ordinary care under the circumstances, UPRR either knew or should have known of the condition or circumstances that allegedly caused Plaintiff's injury, and UPRR could have reasonably foreseen that a particular condition could cause Plaintiff's injury.

Accordingly, I shall grant Plaintiff leave to file an amended complaint that (1) clarifies which federal act is the basis for his claim and (2) alleges sufficient facts supporting such claim. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, his claim against UPRR will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

IT IS ORDERED:

1. On or before May 21, 2018, Plaintiff may file an amended complaint to (1) clarify which federal act is the basis for his claim and (2) allege sufficient facts supporting such claim. If Plaintiff fails to do so, this case shall be dismissed without further notice to Plaintiff. If Plaintiff chooses to file an amended complaint, the court will conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the normal course of business.

2. The Clerk of Court shall set a pro se case-management deadline as follows: May 21, 2018—amended complaint due.

DATED this 18th day of April, 2018.

>BY THE COURT:
>
>s/ *Richard G. Kopf*
>Senior United States District Judge